UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


HAMMANN ET AL.                              CIVIL ACTION

VERSUS                                      NO: 12-2545

AMERIHEALTH ADMINISTRATORS,                 SECTION: "J" (5)
INC. ET AL.

                         **ORDER AND REASONS**

   Before the Court are Defendants, AmeriHealth Administrators, Inc. and Independence Blue Cross's, **Motion to Dismiss (Rec. Doc. 3)** and Plaintiffs Victoria Hamann, Nicole Hamann, Jessica Hamann, Sarah Hamann, and Natalie Hamann (collectively, the "Hamann Family")'s opposition to same **(Rec. Doc. 8).** Additionally, also before the Court are the parties supplemental letters to the Court, presenting the Court with additional cases in support of the parties' positions. Defendants' motion was set for hearing on January 30, 2013, with oral argument. Having considered the motion and legal memoranda, oral argument, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED** for the reasons set out more fully below.


                                   1

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of claims for recovery of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and state law claims for wrongful death and survival. On October 18, 2012, the Hamann Family filed this action, naming Blue Cross Blue Shield of Pennsylvania ("Blue Cross") and AmeriHealth Administrators, Inc. ("AHA") as Defendants.[1]

In their complaint, the Hamann Family alleges that Blue Cross and AHA wrongfully denied their father and spouse, Dean Hamann ("Mr. Hamann"), benefits due to him under his ERISA plan. Plaintiffs assert that Mr. Hamann suffered from chronic lymphocytic leukemia.[2] They contend that in January 2012, after his diagnosis, he was added to his wife's Blue Cross insurance policy, which specifically covered stem cell transplants. Sometime after December 2010, tests revealed that Mr. Hamann's condition had worsened, and his doctors recommended stem cell

---

[1] In their motion, Defendants note that Independence Blue Cross was improperly designated as "Blue Cross Blue Shield of Pennsylvania" in the complaint. Defs.' Mot. to Dismiss, Rec. Doc. 3, p. 1. For the purposes of this Order, any reference to "Blue Cross" applies to both entities.

[2] The Court assumes that Nicole, Jessica, Sarah, and Natalie Hamann are the children of Dean Hamann. The complaint specifically states that Victoria Hamann is Dean Hamann's spouse; however, it does not provide any relation for the other Plaintiffs. See Compl., Rec. Doc. 1, p. 9, ¶ 32 (noting that Victoria Hamann was Dean Hamann's spouse).

transplants. Plaintiffs allege that Mr. Hamann's doctors wrote Blue Cross and requested the stem cell treatments with an accompanying trial study. On June 10, 2011, Blue Cross denied Mr. Hamann's claim for lack of coverage. Plaintiffs report that on July 22, 2011, Mr. Hamann's doctors appealed the Blue Cross decision, explaining to Blue Cross that Mr. Hamann's condition required the procedure and that it was "urgent." Blue Cross again denied the request, explaining to the doctors that the procedure was deemed to be "experimental" and, therefore, by definition was not covered. On September 13, 2011, Mr. Hamann's doctors made another appeal to Blue Cross, requesting the stem cell transplant with the trial study or, alternatively, without the trial study. On September 22, 2011, Blue Cross approved the stem cell transplant without the trial study. Plaintiffs report, however, that Blue Cross's approval came too late. Mr. Hamann had been hospitalized for pneumonia in late September and was no longer eligible for the stem cell transplant. He died on October 19, 2011.

Plaintiffs assert that Blue Cross and AHA wrongfully denied Mr. Hamann benefits that were due to him under his ERISA plan, which effectively denied him the opportunity to survive and/or increase his life expectancy. Therefore, as his decedents,

they claim that they are entitled to the value of those benefits under both ERISA and Louisiana state law. They also sue on his own behalf.

Defendants filed the instant motion on December 17, 2012. It was set for hearing on January 16, 2012, with oral argument. Subsequently, this Court granted Plaintiffs' request to continue the hearing on the motion until January 30, 2013. Plaintiffs filed their response to Defendants' motion on January 22, 2013. Oral argument took place on January 30, 2013.

## THE PARTIES' ARGUMENTS

Defendants argue that Plaintiffs' complaint must be dismissed because it fails to state a claim upon which relief can be granted. First, Defendants contend that Plaintiffs' state law claims must be dismissed because they are preempted by ERISA. Defendants assert that the United States Court of Appeals for the Fifth Circuit applies a two-prong test to determine whether state law claims are preempted by ERISA. They assert that the court must determine (1) if the benefit plan is an ERISA plan, and (2) if the state law claim relates to that plan. Here, Defendants contend that the plan in question is an ERISA plan, and that Plaintiffs' wrongful death and survival action claims relate to that plan, because they concern the improper processing of the

4

claim benefits and, therefore, require interpreting the plan. Consequently, Defendants argue that Plaintiffs' state law claims are wholly preempted by ERISA and must be dismissed.

Second, Defendants argue that Plaintiffs' ERISA claim must be dismissed, because Plaintiffs seek to recover the value of the benefits due to Mr. Hamann — a form of relief that Defendants contend is not expressly authorized under ERISA. Specifically, Defendants contend that ERISA only explicitly allows for an award of the benefits due, not compensatory damages, punitive damages, or the *value* of the benefits due. Accordingly, Defendants contend that because Plaintiffs seek relief that is not expressly authorized by the statute, their ERISA claim must be dismissed.

In response, Plaintiffs assert that their state law claims are not preempted by ERISA, and that ERISA's statutory scheme contemplates the type of relief they seek. Plaintiffs argue that their state law claims are not sufficiently related to ERISA plans to be preempted. In particular, Plaintiffs contend that in order to be related to a plan, the state law claim must (1) "mandate employee benefit plans or their administration;" (2) "function to regulate the ERISA plan itself"; and (3) provide alternative means of enforcement for employees to obtain ERISA benefits." Pls.' Opp., Rec. Doc. 8, p. 9. Plaintiffs assert that

their wrongful death and survival claims do not implicate any of these categories and, therefore, are not preempted by ERISA.

In response to Defendants' arguments about their ERISA claim, Plaintiffs assert that the ERISA statutory scheme does authorize relief in the form of the value of benefits due. Specifically, Plaintiffs rely on Erwin v. Texas Health Choice, L.C., 187 F. Supp. 2d 661 (N.D. Tex. 2002), in which the court held that the surviving spouse of an ERISA beneficiary was entitled to the value of the benefits that the beneficiary should have received. Id. at 669. Plaintiffs contend that this case provides the necessary jurisprudence in support of their claim for relief and allows their ERISA claim to survive.

## DISCUSSION

### A. Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff

must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

    B.    **ERISA Preemption**

Section 1144(a) of ERISA provides that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a) (2012). The Fifth Circuit applies a two part test when determining whether a state law claim is preempted by ERISA. Hernandez v. Jobe Concrete Prods., 282 F.3d 360, 362 n.3 (5th Cir. 2002). First, the court determines "whether the benefit plan at issue constitutes an ERISA plan." Id. Second, the court determines whether the state law claims "'relate to' the plan."

Id. When evaluating whether a state law claim relates to an ERISA plan, the court commonly asks "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." Woods. v. Texas Aggregates, LLC, 459 F.3d 600, 602 (5th Cir. 2006) (citing Mem. Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990)). In general, a state law relates to an ERISA plan "whenever is has 'a connection with or reference to such a plan.'" Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 945 (5th Cir. 1995) (quoting Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1329 (5th Cir. 1992), abrogated on other grounds by Mertens v. Hewitt Assoc., 508 U.S. 248 (1993))). Furthermore, the United States Supreme Court has found that ERISA preempts state law tort and contract claims for improper processing of a claim for benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 57 (1987). "The language of the ERISA preemption clause is deliberately expansive, and has been construed broadly by federal courts." Hubbard, 42 F.3d at 945 (citing Corcoran, 965 F.2d at 1328-29).

As an initial matter, because both parties have agreed that the plan at issue is an ERISA plan, the Court finds that part one of the Fifth Circuit test is satisfied. Therefore, the Court proceeds to analyze the second party of the two part test: whether the state law claims relate to the ERISA plan.

Defendants argue that Plaintiffs' state law wrongful death and survival action claims relate to the ERISA benefits plan at issue because they are effectively claims alleging improper processing of claim benefits. Furthermore, Defendants note that the claims are related to the plan because any determination of liability requires an interpretation of the benefits plan as well as the benefits that Mr. Hamann had the right to receive under the plan. The Court agrees. With respect to their state law claims, Plaintiffs' complaint alleges that "Defendants' negligent failure to approve timely Mr. Hamann's request for [a stem cell transplant] caused him to die, or at the very least, to lose the chance to survive." Compl., Rec. Doc. 1, p. 8, ¶ 29. Accordingly, in order to determine whether or not Defendants were negligent, the trier of fact must necessarily interpret the plan in order to determine what benefits were due under the plan

and whether or not they were negligently denied.[3] Likewise, while Plaintiff alleges that Defendant's actions were "negligent," the Court notes that there is little practical difference between the use of the word negligent and the use of the word "improper" in this context. Substantively, under either wording, Plaintiffs have asserted that the Defendants are liable for "improperly" administering the benefits plan. As such, the Court finds that Plaintiffs' state law claims are preempted by ERISA and, therefore, must be dismissed.[4]

### C. Relief Under ERISA

The ERISA statute states, in pertinent part, that a participant or beneficiary of the policy may file suit in order to recover, "benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.

---

[3] As such, because resolution of these claims would interpret the ERISA plan, they would also potentially: "(1) "mandate employee benefit plans or their administration;" (2) "function to regulate the ERISA plan itself"; and (3) provide alternative means of enforcement for employees to obtain ERISA benefits." Pls.' Opp., Rec. Doc. 8, p. 9. Thus, under the test proposed by Plaintiff, their state law claims would also be preempted.

[4] Additional support for this finding can be found in the following cases: Corcoran, 965 F.2d at 1331 (holding that ERISA preempts a wrongful death claim); Bast v. Prudential Ins. Co. of America, 150 F.3d 1003 (9th Cir. 1998) (holding that state law claims for emotional distress, loss of income, and loss of consortium were preempted by ERISA because they were related to the administration of deceased's benefits plan); Spain v. Aetna Life Ins. Co., 11 F. 3d 129 (9th Cir. 1993) (finding that ERISA preempted a state wrongful death action).

§ 1132(a)(1)(B). The Supreme Court has stated that the civil remedies provided by the statute were intended to be comprehensive and exclusive, explaining that, "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." Mass. Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146-48 (1985); see also Pilot Life Ins. Co., 481 U.S. at 54. In keeping with the Supreme Court's opinions, the Fifth Circuit has expressly found that ERISA does not allow for recovery of extracontractual, punitive, or compensatory damages. Rogers v. Hartford Life & Acc. Ins. Co., 167 F.3d 933, 943-44 (5th Cir. 1999); Medina v. Anthem Life Ins. Co., 983 F.2d 29, 32-3 (5th Cir. 1993). Extracontractual damages are defined as more damages than a beneficiary would be entitled to receive under the terms of the ERISA plan. Nero v. Industrial Molding Corp., 167 F.3d 921, 931 (5th Cir. 1999).

Defendants argue that Plaintiffs' requested relief, the value of the benefits due to Mr. Hamann, is not recognized under the ERISA statutory scheme. Defendants assert that the statute must be read literally and, therefore, only the benefits themselves can be awarded — not the value of those benefits. Defendants argue that awarding the value of such benefits can be likened to an award of compensatory damages, which is prohibited.

Plaintiffs assert that the statutory scheme does not prohibit an award of the value of benefits, because they are not asking for anything more than what was originally due to Mr. Hamann. In support, they rely on the United States District Court for the Northern District of Texas' decision in Erwin v. Texas Health Choice, L.C.

In Erwin, when addressing the exact same question, the court found that nothing in the case law or statute expressly prohibited an award of the value of benefits due. 187 F. Supp. 2d at 669. The court based its holding on a reading of the controlling case law, the language of the statute, and the public policy rationale behind the passage of the statute. Id. Specifically, it reasoned that denying an award of the value of the benefits would give plan administrators incentive to prolong denial until a patient died and/or was no long able to receive a procedure. Id. The court found that this was out of line with the purpose of the statute which it explained was, "to protect ... the interests of participants ... and ... beneficiaries ... by establishing standards of conduct, responsibility, and obligation for fiduciaries ... and ... providing for appropriate remedies ... and ready access to the Federal courts." Id. at n. 3 (quoting 29 U.S.C. § 1001(b)).

While this Court certainly understands the <u>Erwin</u> court's reasoning and, furthermore, sympathizes with the Plaintiffs' plight, it cannot adopt the reasoning set forth in that case. As this Court interprets the ERISA jurisprudence, the ERISA statute is not only meant to be strictly construed but, moreover, should be literally construed because of its comprehensive remedial scheme. As the Supreme Court has specifically stated, "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." <u>Mass. Mutual Life Ins. Co.</u>, 473 U.S. at 146-48. Such language by the Supreme Court indicates that the lower courts should look only at the express language of the statute when determining the relief that it provides. Thus, had Congress intended for the value of benefits to be available to the decedents of a beneficiary, Congress would have specifically provided for that in the statute. Instead, the plain language of the statute indicates that Congress only contemplated providing the actual benefits due to the beneficiary or participant. <u>See</u> 29 U.S.C. § 1132(a)(1)(B) ("benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."); <u>see also</u> <u>Zavala v. Trans-System, Inc.</u>, No. 05-6308, 2006 WL 898019, at *5-6 (D. Or. April 4, 2006) (finding that ERISA did

13

not provide recovery of the monetary value of the treatment for which benefits were denied). Although the Court acknowledges that this finding seems contrary to the Congressional intent outlined by the Erwin court, it also notes that in Corcoran, the Fifth Circuit expressly acknowledged that there may be situations in which ERISA, as drafted, simply provides no remedy. 965 F.2d at 1338 ("The result ERISA compels us to reach means that the [Plaintiffs] have no remedy, state or federal, for what may have been a serious mistake."). While such a result is unfortunate, it appears to be consistent with the current state of the law. See Bast, 150 F.3d at 1011 (noting that in certain situations ERISA may not provide a remedy and, therefore "without action by Congress, there is nothing [the courts] can do"). Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED** and that Plaintiffs' claims are **DISMISSED with prejudice**.

New Orleans, Louisiana this 21st day of February, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE